**H.E. BUTT GROCERY COMPANY,**
**Petitioner,**

v.

**Maria RESENDEZ, Respondent.**

**No. 97–1122.**

Supreme Court of Texas.

March 11, 1999.

Wallace B. Jefferson, San Antonio, Crisanta Guerra, Brownsville, for petitioner.

Randall P. Crane, San Benito, for respondent.

PER CURIAM.

Can mere display of produce for customer sampling constitute an unreasonable risk of harm to customers? The court of appeals said yes.[1] We say no. We reverse the court of appeals judgment and render judgment that plaintiff take nothing.

While shopping at an H.E. Butt Grocery Company store, Maria Resendez slipped and fell near two grape displays. She sued HEB for negligence, alleging that the customer sampling display posed an unreasonable risk of harm that caused her injuries. The trial court rendered judgment on a jury verdict for Resendez. The court of appeals affirmed.

From the undisputed evidence, we know that HEB had two grape displays in its produce section. One display table contained grapes bagged in cellophane and sitting in boxes. The other display table contained a bowl of loose grapes for customer sampling. The customer sampling bowl was level, sitting on ice and recessed about five inches below the tables surface. Each display table had a three-inch railing around its edges. The floor of the entire produce section was a non-skid surface and floor mats were in place

---

4. *See* Tex.R.App. P. 59.1.

1. 989 S.W.2d 768.

around the display tables. There were also warning cones near the grape displays.

■ The court of appeals concluded that HEBs grape display, allowing for customer sampling, was some evidence of an unreasonable risk of harm to store customers.[2] As a matter of law, though, the mere fact that a store has a customer sampling display cannot, without more, be evidence of a condition on the premises that poses an unreasonable risk of harm.

■ For Resendez to recover from HEB, she had the burden to prove that (1) HEB had actual or constructive knowledge of a condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) HEB did not exercise reasonable care to reduce or to eliminate the risk, and (4) HEBs failure to use such care proximately caused her injuries.[3]

Resendez, like the plaintiff in *Corbin*, claims that HEBs customer sampling display resulted in an unreasonable risk of harm.[4] However, Resendez presented no evidence that the display created an unreasonable risk of customers falling on grapes. In *Corbin*, there was more evidence than the mere existence of a display. It was the manner in which Safeway displayed the grapes—in a slanted bin over a linoleum tile floor with no protective floor mat—that created an unreasonable risk of customer falls from grapes falling on the floor.[5] Here, there is no evidence that the manner of display created an unreasonable risk.

Accordingly, we grant HEBs petition for review, and without hearing oral argument,[6] reverse the court of appeals judgment and render judgment that Resendez take nothing.

---

2.  *See id.* at 772.

3.  *See Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex.1983); *see also Keetch v. Kroger,* 845 S.W.2d 262, 264 (Tex.1992).

4.  *Corbin,* 648 S.W.2d at 296.

5.  *See id.*

6.  *See* TEX.R.APP. P. 59.1.