In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00024-CV
______________________________


 
IN THE MATTER OF THE MARRIAGE OF ELLA RUTH LEE AND
ROMEO ANDERSON LEE AND IN THE INTEREST OF 
RAVEN ROMENIQUE LEE AND 
MALCOLMNIQUE CAROL LEE, CHILDREN
 


                                              

On Appeal from the 307th Judicial District Court
Gregg County, Texas
Trial Court No. 2002-606-DR


                                                 


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Romeo Anderson Lee attempts to appeal the trial court's denial of his motion to modify and
enforce a divorce decree. Lee had asked the trial court to (1) modify the divorce decree's visitation
order and (2) order Lee's ex-wife to turn over Lee's separate property from the marital estate to Lee's
mother (or, alternatively, to pay Lee for the value of Lee's separate property, which Lee alleged his
ex-wife had sold without his permission). The issue before us is whether Lee timely filed his notice
of appeal. We conclude he did not and dismiss the attempted appeal for want of jurisdiction.
            On the issue of whether Lee timely perfected his appeal, the record establishes the following:
(1) On Wednesday, August 18, 2004, the trial court entered a judgment disposing of Lee's motion
to modify and enforce; (2) Lee mailed a motion for reconsideration Monday, September 20, 2004,
which was filed by the district clerk's office Friday, October 1, 2004; and (3) Lee's notice of appeal
was mailed to the district clerk's office Saturday, November 20, 2004, and was received and filed
Thursday, December 9, 2004. 
            A timely notice of appeal is necessary to invoke this Court's jurisdiction. See Verburgt v.
Dorner, 959 S.W.2d 615, 616 (Tex. 1997). Rule 26.1 of the Texas Rules of Appellate Procedure
prescribes the time period during which a notice of appeal must be filed to timely perfect an appeal
in a civil case. The party's notice of appeal is timely if filed within ninety days after the day the trial
court's judgment is signed, if the party timely filed a motion for new trial. Tex. R. App. P. 26.1(a). 
The last date allowed for Lee to timely file his notice of appeal was Tuesday, November 16, 2004,
ninety days after the day the trial court signed its judgment. See Tex. R. App. P. 26.2(a). We may
consider a late notice of appeal timely to invoke jurisdiction if it is filed within fifteen days of the
last day allowed for filing. See Verburgt, 959 S.W.2d at 616–17. However, "once the period for
granting a motion for extension of time under former Rule 41(a) [now Rule 26.3 of the Texas Rules
of Appellate Procedure] has passed, a party can no longer invoke the appellate court's jurisdiction." 
Id. at 617.
            In this case, Lee did not file a motion to extend time to file his notice of appeal. 
Nevertheless, even if Lee had sought and received an extension of time to file his notice of appeal,
that notice was not filed with the district court until December 9, 2004, which would have been 113
days after the date of the trial court's judgment, beyond even the latest allowable date had an
extension been sought and granted by this Court.
            Lee has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of
jurisdiction.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 14, 2005
Date Decided:             March 15, 2005




s, Inc., 73 S.W.3d 552, 554
(Tex. App.-Houston [1st Dist.] 2002, no pet.). Allen does not contend Brookshire caused
the harmful condition; rather, she contends the evidence shows (1) that Brookshire had
constructive knowledge of the presence of the grapes on the floor based on the proximity
of the grapes to Brookshire employees, and/or (2) that Brookshire had actual knowledge
a child was eating grapes in the store.

 In Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936-37 (Tex. 1998), the
Texas Supreme Court held testimony that a macaroni salad was covered by "a lot of dirt,"
had footprints and shopping cart tracks in it, and "seemed like it had been there a while"
was legally insufficient evidence the salad had been on the floor long enough to allow the
inference the store had constructive notice of its presence. Nevertheless, some courts
have held constructive knowledge may be imputed when there is proof the dangerous
condition was in sufficient proximity to the defendant's employees that it should have been
removed. Wal-Mart Stores, Inc. v. Garcia, 30 S.W.3d 19, 23 (Tex. App.-San Antonio
2000, no pet.); Duncan v. Black-Eyed Pea, U.S.A., Inc., 994 S.W.2d 447, 449-50 (Tex.
App.-Beaumont 1999, pet. denied); Furr's Super Market v. Garrett, 615 S.W.2d 280, 281-82 (Tex. Civ. App.-El Paso 1981, writ ref'd n.r.e.); Albertson's, Inc. v. Mungia, 602 S.W.2d
359, 362-63 (Tex. Civ. App.-Corpus Christi 1980, no writ); Kimbell, Inc. v. Hernandez, 572
S.W.2d 784, 786 (Tex. Civ. App.-El Paso 1978, no writ). Those cases are arguably
distinguishable from the present case either because the procedural posture was different
(e.g., summary judgment instead of a post-trial evidence sufficiency review) or because
Brookshire employees did not have the kind of unobstructed view of the area in which the
accident occurred that the defendants' employees had in the latter cases.

 In any event, the Texas Supreme Court recently held that evidence the premises
owner's employee was in close proximity to the dangerous condition immediately before
the plaintiff fell, without more, is legally insufficient to charge the premises owner with
constructive notice. Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 813 (Tex. 2002). 
There must also be some evidence showing the dangerous condition existed long enough
that the premises owner had a reasonable opportunity to discover it. Id. The court
disapproved of the cases cited above to the extent they suggest proximity alone is enough
to establish constructive notice. Id. at 816 n.1.

 In the present case, the available evidence suggests the grapes were not on the
floor longer than fifteen minutes. Johnson testified he conducted a "store walk" through
the area fifteen minutes before Allen fell and did not see any indication of a dangerous
condition.

 Allen contends the evidence supports the theory that Johnson failed to see the
grapes because he failed to conduct a thorough inspection as he walked through the area
on his way to lunch. This contention mischaracterizes the testimony and misapplies the
burden. Johnson testified he walked through the area before he went to lunch, rather than
on his way to lunch as Allen portrays. Further, Allen had the burden of showing the grapes
were on the floor for a sufficient amount of time to give Brookshire the opportunity to
discover them. There was no evidence anyone saw the grapes on the floor before Allen
fell. Therefore, the evidence was legally insufficient to show Brookshire had constructive
knowledge of the dangerous condition.

 Allen also contends Brookshire had actual knowledge a child was eating grapes in
the store. Allen and Jones both testified they heard a cashier say she saw a child eating
grapes in the store.

 Brookshire contends this testimony constitutes evidence of a negligent activity rather
than a premises defect. Recovery on a negligent activity theory requires that the person
have been injured by or as a contemporaneous result of the activity itself rather than by a
condition created by the activity. Keetch, 845 S.W.2d at 264.

 In Keetch, the evidence showed the plaintiff was injured when she slipped on a floor
made slippery by the defendant's spraying of a substance used to coat plants. Id. at 263. 
The Texas Supreme Court held the trial court did not err in refusing the plaintiff's negligent
activity instruction because the slippery floor was a condition created by the activity of
spraying the coating on the plants. Id. at 264.

 Brookshire contends that, even if Allen slipped on grapes dropped by a child who
was eating grapes in the store, the grape on which Allen slipped was a condition created
by the child's activity. But the present case was submitted to the jury on a premises defect
theory and not a negligent activity theory. Therefore, according to Brookshire, evidence
that a Brookshire employee saw a child eating grapes in the store could not provide
evidence of a premises defect.

 Allen first contends Brookshire did not object to the charge at trial. However, the
charge was not defective. Rather, we must decide whether the evidence supports the
premises defect theory submitted to the jury.

 Allen also contends a premises owner need not know a particular grape was on the
floor at a particular time if the jury could infer, from other evidence, that the premises owner
knew the grape would be on the floor due to the nature of the display. Allen cites Corbin
v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983), in which the Texas Supreme
Court held the defendant's knowledge of the high risk of harm associated with a self-serve
display of grapes was sufficient to satisfy the knowledge requirement. Allen points to
testimony from Ulman that Brookshire considers a child eating grapes in the store a
dangerous condition and has designed safety procedures specifically to eliminate this risk.

 Brookshire responds that a customer eating grapes is not a dangerous condition as
a matter of law, citing H.E. Butt Grocery Co. v. Resendez, 988 S.W.2d 218 (Tex. 1999). 
However, Resendez held only that, as a matter of law, a grape display allowing for
customer sampling was not, without more, evidence of a dangerous condition. Id. at 219.
Resendez does not address whether a customer eating grapes in a store could constitute
a dangerous condition, or what the effect is of a defendant's admission that a child eating
grapes in a store is a dangerous condition.

 Nevertheless, even if we were to agree with Allen, there is no evidence showing the
child eating grapes in the store was the proximate cause of Allen's fall. The cashier's
statement, as related by Allen and Jones, is completely devoid of detail regarding when
and where she had seen the customer eating the grapes. Arguably, because the cashier
made her statement contemporaneously with Allen's fall, the jury was entitled to infer that
she saw the child eating the grapes recently and close to the area in which Allen fell. We
do not think this is a permissible inference given the limited nature of the statement. 
Consequently, there was no evidence showing that Allen's fall was a proximate result of
a child eating grapes, even if a child eating grapes is a dangerous condition.

 We reverse the judgment and render judgment in favor of Brookshire.




 Donald R. Ross

 Justice


Date Submitted: October 15, 2002

Date Decided: December 12, 2002


Publish