IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 03-0408
════════════
 
Brookshire Grocery Company, 

d/b/a Brookshire Food Stores, 
Petitioner
 
v.
 
Mary Francis Taylor, 
Respondent
 
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Sixth District of 
Texas
════════════════════════════════════════════════════
 
 
 
Justice Hecht delivered the opinion of 
the Court, in which Chief Justice 
Jefferson, Justice Wainwright, Justice Brister, Justice Green, Justice 
Johnson, and Justice 
Willett joined.
 
Justice Johnson filed a concurring 
opinion.
 
Justice O’Neill filed a dissenting 
opinion, in which Justice Medina 
joined.
 
 
Respondent 
Mary Francis Taylor sued petitioner Brookshire Grocery Co. for injuries she 
suffered to her knee when she slipped and fell on a piece of partially melted 
ice on a tile floor in front of a self-service soft drink dispenser in 
petitioner’s grocery store. The trial court denied Brookshire’s motion for 
summary judgment, granted partial summary judgment for Taylor on premises 
liability, and rendered judgment for Taylor for damages found by the jury. The 
court of appeals affirmed.[1] We address two questions: was the 
dispenser itself an unreasonably dangerous condition, or only the ice on the 
floor on which Taylor slipped, and if the latter, was there any evidence that 
Brookshire was or should have been aware of that condition? We reverse and 
render judgment for Brookshire.
A Brookshire 
employee testified that ice fell to the floor from the soft drink dispenser on a 
daily basis, that users were prone to spill ice from time to time, and that ice 
on the floor was a hazard to customers and had to be cleaned up regularly. There 
were three mats around the front of the dispenser, but they did not completely 
cover the tile floor, and Taylor slipped where the floor was bare. The 
Brookshire employee admitted that more mats could have been used and warning 
signs posted.
Brookshire 
was obliged to use reasonable care to protect Taylor, its invitee, from any 
unreasonably dangerous condition in its store of which it had actual or 
constructive knowledge.[2] Taylor argues that the dispenser 
itself, not just the particular piece of ice on which Taylor slipped, was an 
unreasonably dangerous condition, and that Brookshire was well aware of the 
risks the dispenser posed to customers. Brookshire argues that the ice on which 
Taylor slipped was the only unreasonably dangerous condition, and that there is 
no evidence it had actual or constructive knowledge that the ice was there. The 
trial court and court of appeals appear to have agreed with Taylor, although the 
court of appeals conceded that there was no evidence that Brookshire had actual 
or constructive knowledge of the ice on which Taylor slipped.[3]
Ordinarily, 
an unreasonably dangerous condition for which a premises owner may be liable is 
the condition at the time and place injury occurs, not some antecedent situation 
that produced the condition. Thus, for example, in CMH Homes, Inc. v. 
Daenen, we rejected the argument that stairs were unreasonably dangerous 
merely because the premises owner knew they would eventually become unstable 
with use.[4]
 
There may be situations in which the deterioration of a 
structure or fixture is so rapid that there is an unreasonable risk of harm from 
the outset of its construction or installation, but this is not such a 
case.
 
There is no evidence that the step and platform unit on which 
[injury occurred] was a dangerous condition from the inception of its 
use.[5]
 
Likewise, in 
City of San Antonio v. Rodriguez, we held that water on the floor of a 
basketball court could be an unreasonably dangerous condition, but not the leaky 
roof that would eventually allow water to drip onto the floor if it rained.[6]
 
The leaky roof was not itself a dangerous condition; it could 
only cause a dangerous condition. The [owner] was not required to warn of leaks 
in the roof or repair them; it was required only to prevent the water that 
leaked through the roof from causing a dangerous condition.[7]
 
And in H.E. 
Butt Grocery Co. v. Resendez, we held that a grocery store’s self-service 
display of loose grapes in a recessed bowl on a rimmed table standing on a 
non-skid floor and surrounded by mats and warning cones was not an unreasonably 
dangerous condition; rather, the grape on which the plaintiff slipped was the 
dangerous condition.[8]
An 
exceptional case was Corbin v. Safeway Stores, Inc., where the Court held 
that a grocery store’s self-service display of loose green grapes in an open, 
slanted bin above a bare, green linoleum floor was an unreasonably dangerous 
condition for which the store owner could be liable, even if it had no actual or 
constructive knowledge that a grape was on the floor where the plaintiff 
slipped.[9] What made the situation in 
Corbin different from Resendez was that because the store in 
Corbin admitted there was an “unusually high risk associated with its 
grape display”,[10] a jury could have found that the 
display itself was a dangerous condition.
This case is 
not like Corbin. As we said in Resendez, “the mere fact that a 
store has a customer sampling display cannot, without more, be evidence of a 
condition on the premises that poses an unreasonable risk of harm.”[11] No evidence suggests that the soft 
drink dispenser was set up in such a way that ice on the floor was a greater 
danger than one would ordinarily encounter with such dispensers, or that 
customers, though prone to spills, were any more prone around this dispenser. 
Taylor’s arguments that there should have been more mats and warning signs are 
relevant to her contention that Brookshire did not exercise reasonable care, but 
they are not evidence that the dispenser itself was unreasonably dangerous.[12] Otherwise, similar evidence could be 
used to show that the entire grocery store was unreasonably dangerous, since it 
is almost always the case that something more could have been done to prevent a 
customer from being struck by an article falling off a shelf or from slipping on 
the floor. A condition is not unreasonably dangerous simply because it is not 
foolproof.[13]
The only 
unreasonably dangerous condition in this case was the ice on the floor. 
Brookshire did not have actual knowledge of the ice on which Taylor slipped, and 
we agree with the court of appeals that there is no evidence that the condition 
had existed long enough, the ice not having fully melted, for Brookshire to have 
constructive notice.[14]
 
The rule requiring proof that a dangerous condition existed 
for some length of time before a premises owner may be charged with constructive 
notice is firmly rooted in our jurisprudence. . . . The rule emerged 
from our reluctance to impose liability on a storekeeper for the carelessness of 
another over whom it had no control or for “the fortuitous act of a single 
customer” that could instantly create a dangerous condition.[15]
 
Because Taylor 
adduced no evidence that Brookshire had constructive knowledge of the 
unreasonably dangerous condition that caused her harm, the ice on which she 
slipped, Brookshire was entitled to summary judgment.
Accordingly, 
we grant Brookshire’s petition for review and without hearing argument,[16] reverse the judgment of the court of 
appeals and render judgment that Taylor take nothing.
 
                                                                                    

Nathan L. Hecht
Justice
 
Opinion 
delivered: December 1, 2006
 






[1] 102 S.W.3d 816 (Tex. App.—Texarkana 
2003).

[2] Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 
814 (Tex. 2002).

[3] 102 S.W.3d at 824.

[4] 15 S.W.3d 97, 100-101 (Tex. 2000).

[5] Id. at 101.

[6] 931 S.W.2d 535, 536-537 (Tex. 1996) (per 
curiam).

[7] Id. at 536.

[8] 988 S.W.2d 218, 218-219 (Tex. 1999) (per 
curiam).

[9] 648 S.W.2d 292, 295-297 (Tex. 1983).

[10] Id. at 296.

[11] Resendez, 988 S.W.2d at 219.

[12] CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 101 
(Tex. 2000).

[13] Id. at 102 (“To our knowledge, no court has ever 
suggested that if it is possible to construct buildings or fixtures with 
materials that are impervious to wear and tear, an owner or occupier has a legal 
duty to do so and is charged with knowledge of an unreasonably dangerous 
condition if it does not.”).

[14] 102 S.W.3d at 824.

[15] Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 
815-816 (Tex. 2002).

[16] Tex. R. App. 
P. 59.1.