NO









NO. 12-09-00219-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

DOLORES AND RONALD BOWMAN,

APPELLANTS                                                   '     APPEAL
FROM THE 7TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

BROOKSHIRE GROCERY COMPANY,        '     SMITH
COUNTY, TEXAS

APPELLEE

 





OPINION

            Dolores
Bowman and her husband, Ronald Bowman, appeal the trial court’s grant of Appellee
Brookshire Grocery Company’s no evidence and traditional motions for summary
judgment.  In two issues, the Bowmans argue that the trial court erroneously
granted the motions.  We affirm.


Background 

            Dolores
was grocery shopping at the Brookshire store in Bullard, Texas.  As she exited
the store, she tripped on a floor mat placed near the exit and fell.  As a
result of her fall, she shattered bones in her upper arm and shoulder. 

            The
Bowmans brought a premises liability suit against Brookshire alleging that the
use, condition, and manner of maintenance of the mat utilized by Brookshire constituted
an unreasonably dangerous condition, the existence of which was known to
Brookshire, or in the exercise of ordinary care should have been known to it. 
The Bowmans further maintained that this unreasonably dangerous condition
resulted in a tripping hazard to Dolores and others similarly situated.  The
Bowmans also pleaded causes of action for negligence and gross negligence.

 

            After
an adequate time for discovery, Brookshire filed no evidence and traditional
motions for summary judgment.  In its no evidence motion, Brookshire contended
that the Bowmans could present no evidence to support that (1) it had actual or
constructive knowledge of some condition on the premises; (2) the condition caused
an unreasonable risk of harm to Dolores; (3) it breached its duty of ordinary
care by both failing to adequately warn Dolores of the condition and failing to
make the condition reasonably safe; (4) Brookshire’s breach proximately caused Dolores’s
injuries; (5) Brookshire owed Dolores a duty, (6) Brookshire breached any duty
owed to Dolores, (7) any breach of duty by Brookshire proximately caused
Dolores’s injury, and (8) either the objective or subjective tests of gross
negligence were satisfied.  

            The
Bowmans filed a response to Brookshire’s motions.  As part of their response, the
Bowmans incorporated Dolores’s affidavit, in which she stated, “a ruffled edge
of the mat caught my foot and caused me to fall.”  The Bowmans further
supported their response with the deposition testimony of Brookshire’s
designated representative, Jerry Nick.  Nick testified that the purpose of floor
mats was to gather dirt and water so that these items were not tracked throughout
the store.  The Bowmans further supported their response with “injury incident”
reports documenting one hundred eighteen injuries involving similar floor mats
in seventy-five other Brookshire stores in multiple states over a span of four
years.

The
deposition testimony given by Brookshire’s corporate representative, Tony
Johnson, was also incorporated into the Bowmans’ response.  Johnson’s testimony
indicated that the Bullard store had been operating for five years and that there
had been no previous injuries related to the store’s floor mats.  Johnson’s
testimony further indicated that once or twice a month, someone would tell him that
a floor mat was not lying flush with the floor.  According to Johnson, Brookshire
employees would respond to this information by remedying the situation
immediately.  Moreover, Seth Goodlet, the Brookshire courtesy clerk who was
assisting Dolores at the time of the incident, testified in his deposition that
he was trained to immediately place the mat flush with the floor when he observed
this problem or a customer brought this type of problem to his attention.  

            Ultimately,
the trial court granted both Brookshire’s no evidence and traditional motions
for summary judgment.  The Bowmans timely filed this appeal.

 

Standard of Review 

            Because
the grant of a summary judgment is a question of law, we review the trial
court’s summary judgment decision de novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  A no evidence motion for summary
judgment must be granted if, after an adequate time for discovery, (1) the
moving party asserts that there is no evidence of one or more essential
elements of a claim or defense on which the adverse party would have the burden
of proof at trial and (2) the respondent produces no summary judgment evidence
raising a genuine issue of material fact on those elements.  See Tex. R. Civ. P. 166(a)(i); Priddy
v. Rawson, 282 S.W.3d 588, 593 (Tex. App.–Houston [14th
Dist.] 2009, pet. denied).  A genuine issue of material fact exists if more
than a scintilla of evidence establishing the existence of the challenged
element is produced.  Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 600 (Tex. 2004).  Less than a scintilla of evidence exists when the
evidence is so weak as to do no more than create a mere surmise or suspicion of
a fact.  King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex. 2003).  More than a scintilla of evidence exists when the
evidence rises to a level that would enable reasonable and fair minded people
to differ in their conclusions.  Id.  

            To
be entitled to traditional summary judgment, a defendant must conclusively
negate at least one essential element of each of the plaintiff’s causes of
action or conclusively establish each element of an affirmative defense.  Priddy
v. Rawson, 282 S.W.3d at 592.  When reviewing a summary
judgment, we “must examine the entire record in the light most favorable to the
nonmovant, indulging every reasonable inference and resolving any doubts
against the motion.”  City of Keller v. Wilson, 168
S.W.3d 802, 824–25 (Tex. 2005).  When a trial court’s order granting summary
judgment does not specify the ground or grounds relied on for the ruling,
summary judgment will be affirmed on appeal if any of the theories advanced are
meritorious.  State Farm Fire & Cas. Co. v. S.S., 858
S.W.2d 374, 380 (Tex. 1993).  When, as here, the trial court granted both the
no evidence and traditional motions for summary judgment, we first review the
grant of the no evidence summary judgment.  Ridgway, 135 S.W.3d
at 600.

 

Premises Liability 

            In
their first issue, the Bowmans contend that they presented more than a
scintilla of probative evidence to raise genuine issues of material fact on each
of the grounds identified by Brookshire in its no evidence motion for summary
judgment.  

Applicable
Law 

            Dolores
was Brookshire’s invitee.  See Rosas v. Buddies Food Store, 518
S.W.2d 534, 536 (Tex. 1975) (invitee is person who enters premises with possessor’s
express or implied knowledge and for parties’ mutual benefit).  As such,
Brookshire owed her a duty to exercise reasonable care to protect her from
dangerous conditions in the store known or discoverable to it.  See Wal-Mart
Stores, Inc. v. Gonzalez, 968 S.W.2d. 934, 936 (Tex.
1998).  The duty a premises owner owes to its invitees is not that of an
insurer.  Brinson Ford, Inc. v. Alger, 228 S.W.3d
161, 162 (Tex. 2007).  In other words, the condition is not unreasonably
dangerous simply because it is not foolproof.  See id. at 163.

            To
recover damages in a premises liability case, a plaintiff must prove the
following:  (1) the owner/operator had actual or constructive knowledge of some
condition on the premises; (2) the condition posed an unreasonable risk of
harm; (3) the owner/operator did not exercise reasonable care to reduce or
eliminate the risk; and (4) the owner/operator’s failure to use reasonable care
proximately caused the plaintiff’s injuries.  See Gonzalez,
968 S.W.3d at 936.  An invitee’s suit against a store owner is a simple
negligence action.  Corbin v. Safeway Stores, Inc., 648 S.W.2d
292, 295 (Tex. 1983).  A store owner’s duty is to exercise reasonable care to
protect against danger from a condition on the land or premises that creates an
unreasonable risk of harm of which the owner or occupier knew or by the
exercise of reasonable care could discover.  See CMH Homes, Inc. v. Daenen,
15 S.W.3d 97, 101 (Tex. 2000).  The crux of this duty depends on actual
or constructive knowledge of a dangerous condition that a reasonable inspection
would reveal.  See id. 

            In
premises liability cases, there is no single test for determining actual
knowledge that a condition presents an unreasonable risk of harm.  See
Univ. of Tex.–Pan Am. v. Aguilar, 251 S.W.3d 511, 513
(Tex. 2008).  Courts generally consider whether the premises owner has received
reports of prior injuries or reports of the potential danger presented by the
condition.  See id.  Alternatively, constructive knowledge can be
established by a showing that the condition had existed long enough for the
owner or occupier to have discovered it upon reasonable inspection.  See
Daenen, 15 S.W.3d at 101.

Knowledge
of Dangerous Condition of Floor Mat 

            In her
affidavit filed in response to Brookshire’s no evidence motion, Dolores stated,
“When I reached the floor mat in the entry/exit area of the store, a ruffled
edge of the mat caught my foot and caused me to fall.”  This “ruffled” floor
mat is the Bowmans’ only allegation of an unreasonably dangerous condition.

Dangerous
Condition

Before
we consider whether the Bowmans brought forth evidence that Brookshire had
knowledge of a dangerous condition, we must determine what, if anything, of
record amounted to a dangerous condition.  The Texas Supreme has held that a
grocery store’s self-service display of loose grapes in a recessed bowl on a
rimmed table standing on a nonskid floor and surrounded by mats and warning
cones is not an unreasonably dangerous condition; rather, the grape on which
the plaintiff slipped was the dangerous condition.  See Taylor,
222 S.W.3d at 408 (citing H.E. Butt Grocery Co. v. Resendez, 988
S.W.2d 218, 218–19 (Tex. 1999)).  Analogizing the facts of Taylor and
Resendez to those in the instant case, we conclude that the floor
mat itself does not amount to the condition that poses an unreasonable risk of
harm.  Rather, it is the condition of the floor mat, i.e., the “ruffled” edges,
that created the unreasonable risk of harm.  See id. 

            Actual
Knowledge

            The
Bowmans contend that they raised summary judgment evidence supporting that
Brookshire had actual knowledge that the floor mat posed an unreasonable risk
of harm.  Specifically, the Bowmans note that the summary judgment evidence
contains one hundred eighteen “injury incident” reports at seventy-five other
Brookshire stores in multiple states over a four year period and that these
reports indicate that the injuries were caused by floor mats.  Thus, the
Bowmans argue that the store owner may be liable if the invitee can show the
store owner was aware of a high risk that the dangerous condition would occur. 
See Crosby v. Minyard Food Stores, Inc., 122 S.W.3d 899,
901 (Tex. App.–Dallas 2003, no pet.) (citing Corbin v. Safeway Stores,
Inc., 648 S.W.2d 292, 295 (Tex. 1983)).  

In
Crosby, the plaintiff submitted Minyard incident reports indicating
that several people had tripped and fallen on the floor mat at the entry of the
grocery store in the weeks preceding her injury.  Id. at 901. 
The Dallas court of appeals determined that this evidence was sufficient to
allow the issue of Minyard’s negligence to be presented to the jury.  Id.
at 902.  The Bowmans further cite Seideneck v. Cal Bayreuther
Associates, 451 S.W.2d 752 (Tex. 1970), in support of their contention
that the absence of evidence of prior similar incidents is probative in a trip
and fall case.  Id.  at 754.[1]  

            In
our review of these two cases, we notice an important detail present in each
case that the Bowmans have overlooked.  In Crosby, the
incident occurred at the same store rather than at other stores in the Minyard
Food Store chain.  See Crosby, 122 S.W.3d at 901–02. 
Similarly, Seideneck did not involve a chain of
stores.  See Seideneck, 451 S.W.2d at
753–55.  Through our research, we have found no case from our supreme court supporting
the proposition that tripping over a floor mat or slipping on a floor in a
different store of a retail chain constitutes actual knowledge of a condition
creating an unreasonable risk of harm for other stores in that retail chain. 
We decline to so extend the concept of actual knowledge. 

            Here,
the summary judgment evidence indicates that there had been no reported
injuries regarding floor mats in Brookshire’s Bullard store.  Neither was there
evidence that the floor mats in the Bullard store remained in a dangerous
condition after such a condition was brought to the attention of the store by
its employees.  We conclude that a floor mat condition in another Brookshire
store does not establish actual knowledge of a dangerous condition related to
the floor mat in the Bullard store.  Consequently, we hold that there is no
evidence in the summary judgment record that the employees in the Brookshire
store in Bullard had actual knowledge of a dangerous condition related to the
floor mat.

            Constructive
Knowledge

Shifting
our analysis to evidence supporting Brookshire’s constructive knowledge of a
dangerous condition, we note that the Bowmans failed to provide any evidence that
Brookshire knew of the mat’s “ruffled” edges and had failed to take action.  Further,
there is no evidence that the “ruffled” edges of the mat had existed long
enough for Brookshire to have discovered it upon reasonable inspection.  See,
e.g., Taylor, 222 S.W.3d at 409 (no evidence that condition existed
long enough for premises owner to have constructive notice).  Indeed, in their
brief, the Bowmans virtually concede that Brookshire did not have constructive
notice when they state that “[t]he issue is not, as argued by defendant,
whether the defendant knew of the specific bump or ruffle in the particular mat
which caught the plaintiff’s foot and thereby triggered her fall.”  Thus, we
hold that there is no evidence in the summary judgment record supporting that
Brookshire had constructive knowledge of the condition that caused Dolores’s
injuries.  See id.

Negligence
and Gross Negligence 

            The
Bowmans pleaded the theories of negligence and gross negligence in their
petition.  However, they failed to present any form of argument or cite any
authority in their appellate brief to support these theories of recovery.  We
hold that the Bowmans have waived their arguments on these two theories of
recovery by their failure to adequately brief them.  See Tex. R. App. P. 38.1(i); Kang v.
Hyundai Corp. (U.S.A.), 992 S.W.2d 499, 503 (Tex. App.–Dallas
1999, no pet.).

Summation

            Based
on our review of the summary judgment evidence, we have held that the Bowmans
failed to bring forth more than a scintilla of evidence in response to
Brookshire’s no evidence motion for summary judgment regarding the challenged
element of knowledge of the dangerous condition.  Furthermore, the Bowmans
failed to adequately brief whether the trial court properly granted
Brookshire’s no evidence motion for summary judgment with regard to their
claims of negligence and gross negligence and have, therefore, waived any issue
on appeal regarding those claims.  Accordingly, we hold that the trial court
did not err in granting Brookshire’s no evidence motion for summary judgment.  The
Bowmans’ first issue is overruled.[2]

 

Disposition 

Having
overruled the Bowmans’ first issue, we affirm the trial court’s
judgment. 

 

                                                                                                JAMES
T. WORTHEN    

                                                                                                            Chief
Justice

 

 

Opinion delivered
June 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(PUBLISH)









[1]
Presumably, the Bowmans seek to harmonize the court’s holding in Seideneck
with the Dallas court of appeals’ holding in Crosby that the
presence of evidence of prior similar incidents is probative.  See Crosby,
122 S.W.3d at 901. 





[2]
Because our overruling of the Bowmans’ first issue is dispositive of the
matter, we need not address their second issue pertaining to the propriety of
the trial court’s granting Brookshire’s traditional motion for summary
judgment.