# NO. 12-09-00219-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DOLORES AND RONALD BOWMAN,* *APPELLANTS* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *BROOKSHIRE GROCERY COMPANY,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

Dolores Bowman and her husband, Ronald Bowman, appeal the trial court's grant of Appellee Brookshire Grocery Company's no evidence and traditional motions for summary judgment. In two issues, the Bowmans argue that the trial court erroneously granted the motions. We affirm.

## BACKGROUND

Dolores was grocery shopping at the Brookshire store in Bullard, Texas. As she exited the store, she tripped on a floor mat placed near the exit and fell. As a result of her fall, she shattered bones in her upper arm and shoulder.

The Bowmans brought a premises liability suit against Brookshire alleging that the use, condition, and manner of maintenance of the mat utilized by Brookshire constituted an unreasonably dangerous condition, the existence of which was known to Brookshire, or in the exercise of ordinary care should have been known to it. The Bowmans further maintained that this unreasonably dangerous condition resulted in a tripping hazard to Dolores and others similarly situated. The Bowmans also pleaded causes of action for negligence and gross negligence.

After an adequate time for discovery, Brookshire filed no evidence and traditional motions for summary judgment. In its no evidence motion, Brookshire contended that the Bowmans could present no evidence to support that (1) it had actual or constructive knowledge of some condition on the premises; (2) the condition caused an unreasonable risk of harm to Dolores; (3) it breached its duty of ordinary care by both failing to adequately warn Dolores of the condition and failing to make the condition reasonably safe; (4) Brookshire's breach proximately caused Dolores's injuries; (5) Brookshire owed Dolores a duty, (6) Brookshire breached any duty owed to Dolores, (7) any breach of duty by Brookshire proximately caused Dolores's injury, and (8) either the objective or subjective tests of gross negligence were satisfied.

The Bowmans filed a response to Brookshire's motions. As part of their response, the Bowmans incorporated Dolores's affidavit, in which she stated, "a ruffled edge of the mat caught my foot and caused me to fall." The Bowmans further supported their response with the deposition testimony of Brookshire's designated representative, Jerry Nick. Nick testified that the purpose of floor mats was to gather dirt and water so that these items were not tracked throughout the store. The Bowmans further supported their response with "injury incident" reports documenting one hundred eighteen injuries involving similar floor mats in seventy-five other Brookshire stores in multiple states over a span of four years.

The deposition testimony given by Brookshire's corporate representative, Tony Johnson, was also incorporated into the Bowmans' response. Johnson's testimony indicated that the Bullard store had been operating for five years and that there had been no previous injuries related to the store's floor mats. Johnson's testimony further indicated that once or twice a month, someone would tell him that a floor mat was not lying flush with the floor. According to Johnson, Brookshire employees would respond to this information by remedying the situation immediately. Moreover, Seth Goodlet, the Brookshire courtesy clerk who was assisting Dolores at the time of the incident, testified in his deposition that he was trained to immediately place the mat flush with the floor when he observed this problem or a customer brought this type of problem to his attention.

Ultimately, the trial court granted both Brookshire's no evidence and traditional motions for summary judgment. The Bowmans timely filed this appeal.

## STANDARD OF REVIEW

Because the grant of a summary judgment is a question of law, we review the trial court's summary judgment decision de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no evidence motion for summary judgment must be granted if, after an adequate time for discovery, (1) the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *See* TEX. R. CIV. P. 166(a)(i); *Priddy v. Rawson*, 282 S.W.3d 588, 593 (Tex. App.–Houston [14th Dist.] 2009, pet. denied). A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair minded people to differ in their conclusions. *Id.*

To be entitled to traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Priddy v. Rawson*, 282 S.W.3d at 592. When reviewing a summary judgment, we "must examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824–25 (Tex. 2005). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993). When, as here, the trial court granted both the no evidence and traditional motions for summary judgment, we first review the grant of the no evidence summary judgment. *Ridgway*, 135 S.W.3d at 600.

## PREMISES LIABILITY

In their first issue, the Bowmans contend that they presented more than a scintilla of probative evidence to raise genuine issues of material fact on each of the grounds identified by Brookshire in its no evidence motion for summary judgment.

**Applicable Law**

Dolores was Brookshire's invitee. *See Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) (invitee is person who enters premises with possessor's express or implied knowledge and for parties' mutual benefit). As such, Brookshire owed her a duty to exercise reasonable care to protect her from dangerous conditions in the store known or discoverable to it. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d. 934, 936 (Tex. 1998). The duty a premises owner owes to its invitees is not that of an insurer. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007). In other words, the condition is not unreasonably dangerous simply because it is not foolproof. *See id.* at 163.

To recover damages in a premises liability case, a plaintiff must prove the following: (1) the owner/operator had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use reasonable care proximately caused the plaintiff's injuries. *See Gonzalez*, 968 S.W.3d at 936. An invitee's suit against a store owner is a simple negligence action. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983). A store owner's duty is to exercise reasonable care to protect against danger from a condition on the land or premises that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care could discover. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). The crux of this duty depends on actual or constructive knowledge of a dangerous condition that a reasonable inspection would reveal. *See id.*

In premises liability cases, there is no single test for determining actual knowledge that a condition presents an unreasonable risk of harm. *See Univ. of Tex.–Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008). Courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition. *See id.* Alternatively, constructive knowledge can be established by a showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection. *See Daenen*, 15 S.W.3d at 101.

**Knowledge of Dangerous Condition of Floor Mat**

In her affidavit filed in response to Brookshire's no evidence motion, Dolores stated, "When I reached the floor mat in the entry/exit area of the store, a ruffled edge of the mat caught

my foot and caused me to fall." This "ruffled" floor mat is the Bowmans' only allegation of an unreasonably dangerous condition.

### Dangerous Condition

Before we consider whether the Bowmans brought forth evidence that Brookshire had knowledge of a dangerous condition, we must determine what, if anything, of record amounted to a dangerous condition. The Texas Supreme has held that a grocery store's self-service display of loose grapes in a recessed bowl on a rimmed table standing on a nonskid floor and surrounded by mats and warning cones is not an unreasonably dangerous condition; rather, the grape on which the plaintiff slipped was the dangerous condition. *See **Taylor***, 222 S.W.3d at 408 (citing ***H.E. Butt Grocery Co. v. Resendez***, 988 S.W.2d 218, 218–19 (Tex. 1999)). Analogizing the facts of ***Taylor*** and ***Resendez*** to those in the instant case, we conclude that the floor mat itself does not amount to the condition that poses an unreasonable risk of harm. Rather, it is the condition of the floor mat, i.e., the "ruffled" edges, that created the unreasonable risk of harm. *See **id.***

### Actual Knowledge

The Bowmans contend that they raised summary judgment evidence supporting that Brookshire had actual knowledge that the floor mat posed an unreasonable risk of harm. Specifically, the Bowmans note that the summary judgment evidence contains one hundred eighteen "injury incident" reports at seventy-five other Brookshire stores in multiple states over a four year period and that these reports indicate that the injuries were caused by floor mats. Thus, the Bowmans argue that the store owner may be liable if the invitee can show the store owner was aware of a high risk that the dangerous condition would occur. *See **Crosby v. Minyard Food Stores, Inc.,*** 122 S.W.3d 899, 901 (Tex. App.–Dallas 2003, no pet.) (citing ***Corbin v. Safeway Stores, Inc.,*** 648 S.W.2d 292, 295 (Tex. 1983)).

In ***Crosby***, the plaintiff submitted Minyard incident reports indicating that several people had tripped and fallen on the floor mat at the entry of the grocery store in the weeks preceding her injury. *Id.* at 901. The Dallas court of appeals determined that this evidence was sufficient to allow the issue of Minyard's negligence to be presented to the jury. *Id.* at 902. The Bowmans further cite ***Seideneck v. Cal Bayreuther Associates,*** 451 S.W.2d 752 (Tex. 1970), in support of their contention that the absence of evidence of prior similar incidents is probative in a trip and

fall case. *Id.* at 754.[1]

In our review of these two cases, we notice an important detail present in each case that the Bowmans have overlooked. In *Crosby*, the incident occurred at the same store rather than at other stores in the Minyard Food Store chain. *See Crosby*, 122 S.W.3d at 901–02. Similarly, *Seideneck* did not involve a chain of stores. *See Seideneck*, 451 S.W.2d at 753–55. Through our research, we have found no case from our supreme court supporting the proposition that tripping over a floor mat or slipping on a floor in a different store of a retail chain constitutes actual knowledge of a condition creating an unreasonable risk of harm for other stores in that retail chain. We decline to so extend the concept of actual knowledge.

Here, the summary judgment evidence indicates that there had been no reported injuries regarding floor mats in Brookshire's Bullard store. Neither was there evidence that the floor mats in the Bullard store remained in a dangerous condition after such a condition was brought to the attention of the store by its employees. We conclude that a floor mat condition in another Brookshire store does not establish actual knowledge of a dangerous condition related to the floor mat in the Bullard store. Consequently, we hold that there is no evidence in the summary judgment record that the employees in the Brookshire store in Bullard had actual knowledge of a dangerous condition related to the floor mat.

### Constructive Knowledge

Shifting our analysis to evidence supporting Brookshire's constructive knowledge of a dangerous condition, we note that the Bowmans failed to provide any evidence that Brookshire knew of the mat's "ruffled" edges and had failed to take action. Further, there is no evidence that the "ruffled" edges of the mat had existed long enough for Brookshire to have discovered it upon reasonable inspection. *See, e.g., Taylor,* 222 S.W.3d at 409 (no evidence that condition existed long enough for premises owner to have constructive notice). Indeed, in their brief, the Bowmans virtually concede that Brookshire did not have constructive notice when they state that "[t]he issue is not, as argued by defendant, whether the defendant knew of the specific bump or ruffle in the particular mat which caught the plaintiff's foot and thereby triggered her fall." Thus, we hold that there is no evidence in the summary judgment record supporting that Brookshire had constructive knowledge of the condition that caused Dolores's injuries. *See id.*

---

[1] Presumably, the Bowmans seek to harmonize the court's holding in *Seideneck* with the Dallas court of appeals' holding in *Crosby* that the presence of evidence of prior similar incidents is probative. *See Crosby*, 122 S.W.3d at 901.

**Negligence and Gross Negligence**

The Bowmans pleaded the theories of negligence and gross negligence in their petition. However, they failed to present any form of argument or cite any authority in their appellate brief to support these theories of recovery. We hold that the Bowmans have waived their arguments on these two theories of recovery by their failure to adequately brief them. *See* TEX. R. APP. P. 38.1(i); ***Kang v. Hyundai Corp. (U.S.A.)***, 992 S.W.2d 499, 503 (Tex. App.–Dallas 1999, no pet.).

**Summation**

Based on our review of the summary judgment evidence, we have held that the Bowmans failed to bring forth more than a scintilla of evidence in response to Brookshire's no evidence motion for summary judgment regarding the challenged element of knowledge of the dangerous condition. Furthermore, the Bowmans failed to adequately brief whether the trial court properly granted Brookshire's no evidence motion for summary judgment with regard to their claims of negligence and gross negligence and have, therefore, waived any issue on appeal regarding those claims. Accordingly, we hold that the trial court did not err in granting Brookshire's no evidence motion for summary judgment. The Bowmans' first issue is overruled.[2]

**DISPOSITION**

Having overruled the Bowmans' first issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[2] Because our overruling of the Bowmans' first issue is dispositive of the matter, we need not address their second issue pertaining to the propriety of the trial court's granting Brookshire's traditional motion for summary judgment.