**Affirm and Opinion Filed October 25, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-12-00652-CV**

**AGERAIN GILLESPIE, Appellant**

**V.**

**KROGER TEXAS, L.P., THE KROGER CO., and KROGER STORE No. 488, Appellees**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-01641-2011**

## OPINION

Before Justices FitzGerald, Lang, and Myers
Opinion by Justice FitzGerald

This is a premises liability case arising out of a slip and fall in a grocery store bathroom.

The trial court granted summary judgment in favor of Kroger Texas, L.P., the Kroger Co. and

Kroger Store No. 488 (collectively, "Kroger") on Agerain Gillespie's claims. In two issues on

appeal, Gillespie asserts the trial court erred in granting summary judgment on traditional and

no-evidence grounds. Concluding Gillespie's arguments are without merit, we affirm the trial

court's judgment.

### BACKGROUND

While grocery shopping with her husband at a Kroger store, Gillespie asked to use the

restroom. An employee directed her to a restroom located up a flight of stairs next to the

manager's office. When she reached the restroom, Gillespie was unable to close the door all the

way because it was swollen and sticking. The first stall that she approached was dirty, so Gillespie elected to use the other stall. As she turned to the right, she fell on the ceramic tile floor. Specifically, Gillespie fell on her left side, hitting her left hip and knee on the floor and breaking her left arm at the elbow. The Kroger manager was sitting in his office next door and asked if everything was all right. When Gillespie responded that she had fallen, the manager asked if he could come in. Gillespie responded affirmatively, and requested that the manager page her husband. Gillespie remained on the floor and noticed that it was cool and damp, and she could see footprints going toward the sinks. When Gillespie's husband arrived in the restroom, he wiped the floor with paper towels and used the towels to clean Gillespie's hand, which was wet and dirty. The floor was slippery as Gillespie's husband and the manager tried to lift her up. The manager rolled an office chair into the room and braced it with his body as he and the husband lifted Gillespie into the chair and then rolled her into the office.

The manager called an ambulance. As the crew was preparing to take Gillespie down the stairs, the manager went back into the restroom to retrieve Gillespie's purse. As he was picking it up, Gillespie saw him slip and commented, "See how slippery it is?" The manager agreed that the floor was slippery and stated that it was probably sweat or condensation from the pipes on the floor.

The manager prepared an incident report showing that the accident occurred on June 27, 2009, at 8:35 p.m. The report stated that the manager noticed there was a film on the floor and he could see where Gillespie's legs had hit the floor and disturbed the surface. The film appeared to be around the stall doors. The description of the accident reads, "Damp film of water — not puddling," in an area that covered an area 6 feet by 6 feet.

Gillespie subsequently filed suit against Kroger on a premises liability theory of recovery. Kroger filed a traditional and no-evidence motion for summary judgment, and

Gillespie responded. In support of her response, Gillespie filed her affidavit, the affidavit of her husband, and an expert affidavit. Although Kroger objected to Gillespie's summary judgment evidence, there is no indication that the trial court ruled on the objections. Following a hearing, the trial court entered an order granting Kroger's motion and dismissing Gillespie's claims with prejudice. The order did not specify the specific grounds for the trial court's ruling. This appeal followed.

## ANALYSIS

Gillespie asserts the trial court erred in granting a no-evidence and traditional summary judgment in favor of Kroger. When a party files a hybrid summary judgment motion on both no-evidence and traditional grounds, we first review the trial court's judgment under the no-evidence standard of review. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the non-movant failed to produce more than a scintilla of evidence under the no-evidence summary judgment provisions of Rule 166a(i), then there is no need to analyze whether the movant's summary judgment proof satisfied the burden set forth for traditional summary judgment under Rule 166a(c). *See* TEX. R. CIV. P. 166a(c) & (d); *East Hill Marine, Inc. v. Rinker Boat Co.*, 229 S.W.3d 813, 816 (Tex. App.—Fort Worth 2007, pet. denied).

In conducting our no-evidence summary judgment review, we review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, credit evidence favorable to that party if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A no-evidence summary judgment motion should be denied if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element or elements. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists

when reasonable and fair-minded individuals could differ in their conclusions. *Id.* Less than a scintilla of probative evidence exists if the evidence creates no more than a mere surmise or suspicion of fact regarding a challenged element. *Id.*

Therefore, we begin our analysis with the no-evidence motion for summary judgment. Kroger's no-evidence summary judgment challenged Gillespie's premises liability claim; specifically, Kroger asserted Gillespie had no evidence that Kroger knew or should have known of the dangerous condition that caused her fall. Gillespie asserts the trial court erred in granting summary judgment because the evidence supported an inference that Kroger knew or should have known that there was a problem with moisture condensation in the women's restroom that posed an unreasonable risk of harm.

To recover on a premises liability theory, a plaintiff must establish that the injury resulted from a condition of the premises. *Keetch v. The Kroger Co*., 845 S.W.2d 262, 264 (Tex. 1992). A plaintiff must prove: 1) actual or constructive knowledge of some condition on the premises by the owner/operator; 2) that the condition posed an unreasonable risk of harm; 3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and 4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). An owner or occupier is not an insurer of injuries to its invitees. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). Instead, the duty owed by an owner or occupier is to exercise reasonable care to protect against dangerous conditions on the premises that create an unreasonable risk of harm which it knew about, or by the exercise of reasonable care, would have discovered. *Id.*

The threshold requirement for a premises liability claim is the existence of actual or constructive knowledge of a condition on the premises. *See Motel 6 G.P., Inc. v. Lopez*, 929

S.W.2d 1, 3 (Tex. 1996). "An owner/occupier cannot breach a duty that it does not owe, and it does not owe a duty to correct an alleged dangerous condition of which it is not aware." *Id.* at 4.

The summary judgment record includes deposition testimony from the Kroger manager stating that Kroger had never experienced a problem in the restroom and was not aware that the condition existed. In response, Gillespie filed the affidavit of an expert, George Teer. Teer conducted an inspection of the restroom approximately two and a half years after the incident. The report attached to Teer's affidavit stated that "there had likely been a leak or significant moisture problem in the women's restroom at some time." The report further stated that "the sink drain piping and the floor below the sink . . . indicated prior leaks."

Gillespie also relies on the fact that the restroom was located up a flight of steps and not readily accessible to Kroger's customers to infer that the restroom was used primarily by Kroger employees. Gillespie contends that being unable to completely close the swollen door of the restroom is indicative of a "high presence" of moisture. Because the patch of slippery film was described as filthy, and there were footprints from the toilet stalls to the sinks, Gillespie contends the evidence shows the condition developed over a period of time. Gillespie further relies on the manager's comment that the slippery spot was probably caused by condensation.

Significantly, the unreasonably dangerous condition for which a premises owner may be liable is the "condition at the time and place the injury occurs, not some antecedent situation that produced the condition." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006). Moreover, as the *Brookshire* court observed, "[t]he rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in our jurisprudence." *Id.* at 409.

Here, Gillespie failed to provide any evidence that Kroger had actual or constructive knowledge of the condition of the restroom at the time of her fall. Although Gillespie's expert

opined that there had been a leak "at some time," there is no evidence to establish that there was a leak on the day of the incident, or to establish exactly what had occurred to cause the floor to be slippery. There is also no evidence that the leak or other dangerous condition existed long enough for Kroger to have discovered it upon reasonable inspection. *See Bowman v. Brookshire Grocery Co.*, 317 S.W.3d 500, 505 (Tex. App.—Tyler 2010, pet. denied). Gillespie requests that we indulge an inference of knowledge based on the circumstantial evidence. But "meager circumstantial evidence from which equally plausible inferences may be drawn is speculative and thus legally insufficient to support a finding." *Wal-Mart v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). On this record, we conclude that Gillespie failed to bring forth more than a scintilla of evidence to establish actual or constructive knowledge of the condition of the restroom, and therefore the trial court did not err in granting Kroger's no-evidence motion for summary judgment on Gillespie's premises liability claim. Gillespie's first issue is overruled.

Our resolution of Gillespie's first issue obviates the need to consider her remaining issue. *See* TEX. R. APP. P. 47.1. The judgment of the trial court is affirmed.

120652F.P05

/Kerry P FitzGerald/
KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AGERAIN GILLESPIE, Appellant

No. 05-12-00652-CV      V.

KROGER TEXAS, L.P., THE KROGER CO., and KROGER STORE No. 488
Appellees

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-01641-2011.
Opinion delivered by Justice FitzGerald.
Justices Lang and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees KROGER TEXAS, L.P., THE KROGER CO., and KROGER STORE No. 488 recover their costs of this appeal from appellant AGERAIN GILLESPIE .

Judgment entered October 25, 2013

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE