**Affirmed and Opinion Filed December 22, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01436-CV

**PATSY SALINAS, Appellant**
**V.**
**AT&T SERVICES, INC., Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-04311**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice FitzGerald

Appellant Patsy Salinas sued appellee AT&T Services, Inc., alleging that she sustained personal injuries in a slip-and-fall accident on appellee's premises. The trial judge granted summary judgment in favor of appellee. We conclude appellant adduced no evidence that appellee possessed actual or constructive knowledge of an unreasonably dangerous condition on the premises at the time of the alleged accident. Accordingly, we affirm.

### I.  BACKGROUND

Appellant alleged the following facts in her live pleading.[1] Appellant was an employee of Johnson Controls. Appellee hired Johnson Controls to monitor a building in Greenville,

---

[1] *See Ely v. Gen. Motors Corp.*, 927 S.W.2d 774, 782 (Tex. App.—Texarkana 1996, writ denied) (although pleadings are not proof, they frame the issues for purposes of summary judgment).

Texas, that was owned and maintained by appellee. On or about July 1, 2010, appellant was on appellee's premises as an invitee. Appellant was walking up an exit stairwell of the building. Water or condensation had accumulated on the staircase and on the railing, making the staircase unreasonably dangerous. Appellant slipped and fell while walking up the staircase, causing her to suffer physical injuries.

Appellee answered and eventually filed a traditional and no-evidence motion for summary judgment. Appellee asserted that appellant could produce no evidence that appellee had actual or constructive knowledge of an unreasonably dangerous condition on the premises. Appellee also contended that appellant could produce no evidence that appellee did not exercise reasonable care to reduce or eliminate the alleged risk. As traditional grounds, appellee argued that the evidence affirmatively negated the element of actual or constructive knowledge. Appellant filed a response with evidence attached, and appellee filed a reply brief. The trial judge granted appellee's motion.

On appeal, appellant argues in three issues that (1) the evidence raised a genuine fact issue as to appellee's actual knowledge of a dangerous condition, (2) the evidence raised a genuine fact issue as to appellee's constructive knowledge of a dangerous condition, and (3) the evidence raised a genuine fact issue as to whether appellee breached its duty of care.

## II. ANALYSIS

We resolve this appeal based on one of appellee's no-evidence grounds for summary judgment. Our standard of review is de novo.[2] The question presented is whether the nonmovant adduced sufficient evidence to raise a genuine issue of fact on the challenged elements.[3] We employ the same legal-sufficiency standard that we use in reviewing directed

---

[2] *See Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.).

[3] *Id*.

–2–

verdicts.[4] Thus, we consider the evidence in the light most favorable to the nonmovant, crediting evidence that a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not.[5]

The parties do not dispute that this is a premises-liability case or that appellant was an invitee on the premises. The elements of appellant's claim are (1) appellee had actual or constructive knowledge of a condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) appellee did not exercise reasonable care to reduce or eliminate the risk, and (4) appellee's failure to use reasonable care proximately caused appellant's injuries.[6] The first element requires evidence that the premises owner or operator knew about the condition or would have discovered the condition in the exercise of reasonable care.[7] Texas has long recognized that a dangerous condition must have existed for some length of time before a premises owner can be charged with constructive notice.[8] "[T]here must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition."[9]

In her summary-judgment response, appellant argued that she slipped and fell because the stairs and handrail were wet. As evidence, she filed her own deposition testimony to the effect that there was water standing on the steps and the handrails were sticky at the time of the accident. The question presented is whether appellant adduced any evidence that appellee had actual or constructive knowledge of those wet conditions.

---

[4] *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

[5] *Id.*

[6] *See Gillespie v. Kroger Tex., L.P.*, 415 S.W.3d 589, 592 (Tex. App.—Dallas 2013, pet. denied).

[7] *Id.*

[8] *See Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006).

[9] *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).

As to actual knowledge, appellant argues that the evidence shows that a manager named James Hart had actual knowledge of the dangerous condition that allegedly caused appellant's injuries.[10] We disagree. The summary-judgment evidence includes Hart's deposition testimony that he was notified about and investigated appellant's accident three or four days after the fact. In his investigation report, Hart made the following conclusions about the causes of the accident:

> **WEATHER:** It had been raining off and on for several days prior to and on the day of the accident. **OTHER:** A roof hatch at the top of the stairwell allows access to the cooling towers and other equipment on the roof. The cooling tower was being cleaned & worked on for a couple of days. The hatch was in the open position while the Techs were on the roof, the extreme humidity accumulated on the handrails and in the stairwell. The humidity caused the steel rails to become extremely sticky and was not pleasant to the touch. Your hand became as sticky as the handrail if you touched it.

In Hart's deposition, he testified generally that humid conditions occasionally arose in the stairwell: "And about three—well, two or three times a year, there's a lot of humidity. It does seep into the stairwell due to the doors opening and closing. There's no place for it to go."

But there was no evidence that Hart knew that the humidity or the open roof hatch ever caused water to condense on the stairs themselves. In fact, he denied that the roof hatch ever led to the presence of water on the steps themselves, and he further testified, "I've never noticed the stairs being slick due to the roof hatch being open." As to the condition of the handrails in the stairwell, Hart was asked in deposition if he believed that the handrails were sticky at the time of the accident, and he answered, "I don't believe; I know. They were sticky." He then clarified in his deposition testimony that, more specifically, he knew the handrails had been sticky several days before the accident:

> Q.    So the actual condition of the stairs and the handrail at the time that she alleges that she fell, you don't know anything—you wouldn't have the ability to testify to that, would you?

---

[10] Appellant disputes that there is any evidence that Hart was appellant's employee, but for purposes of our analysis we will assume without deciding that there was some evidence to support this fact.

A.  I know that—not to that specific, but I do know the Thursday and Friday before, the handrails were sticky as well.

But appellant alleged that the dangerous condition she encountered consisted of water or condensation on both the stairs and the handrail. So, even assuming that the evidence raises a fact issue as to whether Hart had some knowledge that the handrails were wet at the time of the accident, there is still no evidence that he possessed any knowledge that the stairs were wet. And appellant points to no other evidence that anyone else possessed actual knowledge of the condition of the stairwell and handrails at the time of the accident.

Next, we consider whether there was any evidence that appellee possessed constructive knowledge that the stairs and handrails were wet at the time of the alleged accident. A premises owner has constructive knowledge of a dangerous condition if the condition existed long enough to give the premises owner a reasonable opportunity to discover it.[11] Thus, there must be some proof of how long the hazard existed.[12] We conclude appellant produced no evidence of how long the alleged wet conditions existed before she encountered them. The evidence was conflicting as to the date of the accident; some evidence pointed to Thursday, July 1, 2010, while other evidence pointed to Monday, July 5, 2010. Either way, there is no evidence showing how long the steps and handrails were wet before she encountered those wet conditions. Appellant points to evidence showing that it had rained the day of the accident and the Thursday and Friday before the accident, but it would be sheer speculation for us to guess when the rain outside and the humidity inside the stairwell actually coalesced to cause the dangerous conditions she allegedly encountered. Likewise, Hart's testimony that the handrails had been sticky a few days before the alleged accident does not show that those conditions had persisted and were actually the same ones that appellant encountered at the time of her accident. Speculation and conjecture

---

[11] *Wal-Mart Stores, Inc.*, 81 S.W.3d at 814.

[12] *Id.* at 816.

will not suffice to preclude summary judgment.[13] We conclude appellant adduced no evidence of how long the steps and handrails had been wet before she encountered those wet conditions, so she adduced no evidence of constructive notice to appellee.[14]

Because appellant produced no evidence that appellee possessed actual or constructive knowledge of the dangerous condition that allegedly caused her injuries, the trial judge properly granted summary judgment for appellee. We reject appellant's first two issues on appeal and need not address her third issue concerning the element of breach of the duty of care.

### III.   DISPOSITION

We affirm the judgment of the trial court.

131436F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[13] *See Connaway v. Vill. Farms, L.P.*, 200 S.W.3d 353, 358 (Tex. App.—Dallas 2006, no pet.).

[14] *See Wal-Mart Stores, Inc.*, 81 S.W.3d at 816–17 (rendering judgment for premises owner in part because there was no evidence to show how long puddle had been on floor when plaintiff slipped in it).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PATSY SALINAS, Appellant

No. 05-13-01436-CV        V.

AT&T SERVICES, INC., Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-04311.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AT&T Services, Inc. recover its costs of this appeal from appellant Patsy Salinas.

Judgment entered December 22, 2014.