**Opinion issued May 17, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00331-CV

———————————

## MARIA RESENDIZ, Appellant

## V.

## SELLERS BROS. INC., Appellee

---

### On Appeal from the County Civil Court at Law No. 1
### Harris County, Texas
### Trial Court Case No. 1046397

---

## MEMORANDUM OPINION

Appellant, Maria Resendiz, sued appellee Sellers Bros. Inc. *d/b/a* Sellers

Bros. ("Sellers") for premises liability. The trial court granted final summary

judgment in favor of Sellers. On appeal, Resendiz argues that: (1) she raised a fact

question regarding an unreasonable risk of harm or dangerous condition on the

premises by presenting photographic evidence of the condition; (2) Sellers admitted that it created the allegedly dangerous condition, thereby indicating that it had notice of the condition; and (3) expert testimony was not required to establish "whether a condition of the surface of the premises is a dangerous condition" because the condition was readily observable by a trier of fact.

We affirm.

## Background

In April 2012, Resendiz fell while shopping at a Sellers store located on Uvalde Road in Houston, Texas. She sued Sellers for premises liability, asserting that she "slipped and fell due to a dangerous condition on the floor" and suffered personal injuries. In her deposition, Resendiz identified a permanent, plastic extension cord cover located near a cash register and the mat that she alleged was placed over the cord cover as the dangerous condition that caused her fall. She stated that, after she paid for her groceries, she walked between cash registers to another line to hand her sister-in-law some money. On the way back to the place where she left her groceries, Resendiz tripped on the extension cord cover or the mat that covered it. She testified that she tripped on the "little edge" created by the extension cord cover and "then the mat made [her] fall," but she subsequently testified that she was not sure whether it was the mat or the extension cord cover that made her fall. Resendiz stated during her deposition that she did not know how

2

big either the extension cord cover or the mat was. She also stated that she saw no defects in the mat or cover and that nothing was lumpy, sticking up, or folded over. She agreed that the mat looked flat to her.

Sellers moved for summary judgment on Resendiz's premises liability claim on both traditional and no-evidence grounds. It argued that she had brought forth no evidence "that an unreasonably dangerous condition existed on the day of the accident"; "that [Sellers] had notice of any unreasonably dangerous condition prior to the accident"; "that [Sellers] failed to operate as a reasonable, ordinary, and prudent property possessor prior to the accident"; or that Sellers engaged in any acts or omissions that caused Resendiz's injuries. Sellers also argued that Resendiz's claim should be barred as a matter of law because Sellers provided evidence negating three essential elements of her claim, including establishing that it had no duty to Resendiz with regard to the extension cord cover and mat. Sellers also attached photos of the extension cord cover in question, showing that it had sloped edges that began flush with the floor and that it reached a total height of approximately 5/16 of an inch—slightly more than a quarter of an inch.

Sellers also provided affidavit testimony of its benefits administrator that it had never had any previous falls in the area surrounding the extension cord cover. Sellers' administrator averred that the cord cover "is a permanent device and is screwed very tightly into the floor and throughout its length only sticks up barely

3

more than a quarter inch." The affidavit also stated that the area where the extension cord cover was located did not have a mat at the time of the accident, and the cord cover was located in a part of the store that "is not a heavily trafficked area by our patrons" and was "primarily for shopping carts to be pulled around the cash register by the cashier to the sacking area while patrons pay from the other side of the cash register." The affidavit provided that the cord cover was installed as a safety measure and "operates to make the floor and premises more safe by gathering and concealing exposed wires and cords that are necessary to power the cash register and nearby refrigerator display" and that "the cover protects the wires from being a tripping hazard to patrons and employees, and protects the wires from the heavy shopping carts."

In her response, Resendiz argued that the mat and extension cord cover constituted an unreasonably dangerous condition, and she referenced her own deposition testimony and the photos submitted by Sellers with its motion for summary judgment. She argued that her deposition testimony indicated that a mat covered and concealed the extension cord cover at the time of her accident. Resendiz also argued that a fact issue existed as to the actual height of the hazard, as Sellers admitted the height of the cover was "barely more than a quarter inch" and did not account for the additional height of the rug. She also argued that the

4

extension cord cover did not meet applicable safety standards, citing safety standards applied by the court in another case.

The trial court granted Sellers' motion for summary judgment without specifying the grounds it relied upon, dismissing Resendiz's claim against Sellers. This appeal followed.

## Summary Judgment on Premises Liability Claims

In all three issues on appeal, Resendiz argues that the trial court erred in dismissing her premises liability claim based on Sellers' motion for summary judgment.

### A. Standard of Review for Summary Judgments

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a summary judgment order does not specify the grounds on which it was granted, we will affirm the judgment if any one of the theories advanced in the motion is meritorious. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

After adequate time for discovery has passed, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim. TEX. R. CIV. P. 166a(i). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. *Id.*; *see Mack Trucks, Inc. v. Tamez*, 206

S.W.3d 572, 582 (Tex. 2006). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002) (quoting Rule 166a(i)). Traditional summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).

**B.    Law of Premises Liability**

Resendiz filed a premises liability claim against Sellers, asserting that the extension cord cover and mat constituted an unreasonable and dangerous condition. To prevail on her premises liability claim, Resendiz had to establish the existence of a legal duty owed by Sellers to her, a breach of that duty, and damages proximately resulting from the breach. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *West v. SMG*, 318 S.W.3d 430, 437 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

The duty owed by a defendant to the plaintiff in a premises liability case depends upon the status of the plaintiff at the time the injury occurred. *See Urena*, 162 S.W.3d at 550; *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The parties agree that Resendiz was Sellers' invitee. Accordingly, Sellers' duty to her extended only to the duty to

6

reduce or eliminate an unreasonable risk of harm created by its activity on the premises. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000); *see also Mayer*, 278 S.W.3d at 910 ("An owner or occupier of land must use reasonable care to protect an invitee from known conditions that create an unreasonable risk of harm and conditions that should be discovered by the exercise of reasonable care.").

"A condition poses an unreasonable risk of harm for premises-defect purposes when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) (quoting *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970)). Foreseeability in this context "does not require that the exact sequence of events that produced an injury be foreseeable," but only that the general damage must be foreseeable. *Id.* "A condition is not unreasonably dangerous simply because it is not foolproof." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (Tex. 2006).

Thus, to establish her premises liability claim that Sellers breached its duty to keep the premises safe for its customers, as invitees, Resendiz had to prove that Sellers had (1) "actual or constructive knowledge of some condition on the premises" that (2) "posed an unreasonable risk of harm"; (3) Sellers failed to

"exercise reasonable care to reduce or eliminate the risk"; and (4) this failure proximately caused her injuries. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).

**C.      Analysis**

In the no-evidence portion of its motion for summary judgment, Sellers argued, in part, that Resendiz had presented no evidence that the extension cord cover and mat constituted a known condition of the premises that created an unreasonable risk of harm. *See Daenen*, 15 S.W.3d at 101; *Mayer*, 278 S.W.3d at 910. Specifically, it argued that "Resendiz has failed to present any evidence that the mat or extension cord cover was sticking up, had humps or lumps, [was] ruffled, wrinkled, bunched-up, or [was] otherwise in such a condition as to create an unreasonable risk of harm," and she therefore "does not have any evidence that a condition on the premises posed an unreasonable risk of harm."

Resendiz failed to produce any evidence other than her own testimony that there was a mat covering the complained-of extension cord cover at the time of the accident. Resendiz pointed to her own deposition testimony that she tripped over the mat and extension cord cover and to the photographs depicting the extension cord cover in question. However, the mere fact that the store had installed a cover and mat to protect patrons from tripping over exposed cords does not, without more, constitute evidence of a condition that poses an unreasonable risk of harm.

8

Resendiz presented no evidence that this particular cord cover or mat was defective or malfunctioning, that either was set up in such a way that it constituted a greater danger than one would ordinarily encounter with permanent extension cord covers and mats, or that customers would be any more prone to accidents in this area. *Cf. Taylor*, 222 S.W.3d at 408 (holding that plaintiff produced no evidence that drink dispenser area constituted unreasonably dangerous condition because "[n]o evidence suggest[ed] that the soft drink dispenser was set up in such a way that ice on the floor was a greater danger than one would ordinarily encounter with such dispensers, or that customers, though prone to spills, were any more prone around this dispenser"); *H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218, 219 (Tex. 1999) (per curiam) ("[T]he mere fact that a store has a customer sampling display cannot, without more, be evidence of a condition on the premises that poses an unreasonable risk of harm.").

Resendiz also argues that there was a fact question regarding the actual height of the hazard created by the alleged placement of a mat on top of the permanent, plastic extension cord cover. However, the record depicted the height of the extension cord cover as being only slightly more than a quarter of an inch at its highest point and having edges that were flush with the floor. Resendiz presented no evidence, other than her own statement that she tripped over the cord cover or mat, to indicate that the cord cover's height posed an unreasonable risk of

9

harm. *See Taylor*, 222 S.W.3d at 408 ("A condition is not unreasonably dangerous simply because it is not foolproof."). She also presented no evidence about the size or height of the alleged mat. The only evidence that Resendiz presented regarding the mat came from her own deposition testimony, in which she stated that she did not know how big either the extension cord cover or mat was, that she saw no defects in the mat or cover, that nothing was lumpy, sticking up, or folded over, and that the mat looked flat to her. None of this testimony indicates the existence of a condition posing an unreasonable risk of harm.

Resendiz likewise presented no evidence indicating that the height of the mat allegedly covering the cord cover changed the height of the alleged hazard significantly or somehow created an unreasonably dangerous condition. Resendiz provided evidence only that an extension cord cover and mat existed. However, Texas courts have recognized that the existence of such objects does not, by itself, create an unreasonable risk of harm. Rather, a condition of the item or its manner of use or display may create the risk of harm. *See, e.g.*, *Taylor*, 222 S.W.3d at 408; *Bowman v. Brookshire Grocery Co.*, 317 S.W.3d 500, 504 (Tex. App.—Tyler 2010, pet. denied) (holding, in context of suit where plaintiff was injured after tripping over mat in grocery store, that "the floor mat itself does not amount to the condition that poses an unreasonable risk of harm. Rather, it is the condition of the floor mat, i.e., the 'ruffled' edges, that created the unreasonable risk of harm");

10

*Lofton v. Marmaxx Operating Corp.*, 01-06-01109-CV, 2008 WL 525678, at *3 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, no pet.) (mem. op.) (concluding that plaintiff failed to present any evidence that mat presented unreasonable risk of harm when her "affidavit created some evidence that she tripped on the mat in the T.J. Maxx store, but she offered no evidence that anyone had previously tripped on the mat, that the mat had any defects, that the type of mat was unusual, or that its particular construction and placement should have suggested to T.J. Maxx that it presented a prohibitive degree of danger").

Resendiz further argues that the cord cover and mat did not meet applicable safety standards. However, she did not provide any evidence relevant to the safety standards applicable here. She relies instead on safety standards applied by the Fourteenth Court of Appeals in *Cohen v. Landry's Inc.* In *Cohen*, the plaintiff fell on the sidewalk where there was a one-half to one-inch elevation between two abutting sections of sidewalk. 442 S.W.3d 818, 821 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). The Fourteenth Court of Appeals observed that, in determining whether a harmful event resulting from a condition was probable and foreseeable, courts often have considered, among other things, (1) whether the condition was clearly marked, (2) the height of the condition, and (3) whether the condition met applicable safety standards. *Id.* at 827. In addition to the evidence that the elevation defect on the sidewalk was unmarked, the plaintiff in *Cohen*

11

presented expert testimony regarding safety standards applicable to the sidewalk area where she fell, and the expert relied on safety standards published by various safety organizations. *Id.* at 828 n.9. The Fourteenth Court of Appeals concluded that Cohen had presented evidence raising a fact question on the issue of whether the sidewalk defect posed an unreasonable risk of harm. *Id.* at 828.

Here, Resendiz argued in her response to Sellers' motion for summary judgment that the extension cord cover "is in stark contrast to applicable safety standards," but she failed to present any evidence of the safety standards applicable to floor mats or extension cord covers. Instead, she recited in her response the same standards relied upon by the expert in *Cohen*. However, arguments made in her summary judgment response do not constitute evidence, and she did not provide any evidence that the standards from *Cohen*—which involved a defect on a sidewalk outside the premises—are applicable in this case to her complaint regarding the permanent extension cord cover and the floor mat. She argued that Sellers' affidavit stating that the cord cover complied with safety standards was insufficient summary judgment evidence because it was conclusory. However, under the standard for no-evidence motions for summary judgment, Resendiz—not Sellers—bore the burden of bringing forward some evidence that either the cord cover or mat was unsafe or did not comply with appropriate safety standards. *See* TEX. R. CIV. P. 166a(i); *Tamez*, 206 S.W.3d at 582.

We conclude that Resendiz presented no evidence of a condition on the premises that posed an unreasonable risk of harm, which was an essential element of her claim. *See Daenen*, 15 S.W.3d at 101; *Mayer*, 278 S.W.3d at 910; *see also Cty. of Cameron*, 80 S.W.3d at 556 (stating that condition poses unreasonable risk of harm when there is "sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen"). Accordingly, the trial court properly granted summary judgment dismissing her claim on no-evidence grounds. *See* TEX. R. CIV. P. 166a(i); *Johnson*, 73 S.W.3d at 207 (quoting Rule 166a(i) that trial court must grant no-evidence motion unless nonmovant produces summary judgment evidence that raises genuine issue of material fact on each challenged element).

Because we conclude that Resendiz presented no evidence of a condition on the premises that posed an unreasonable risk of harm, we need not address her arguments on the element of notice.

Finally, Resendiz argues that "to say that no evidence exists means that reasonable jurors could not differ upon inspection of the pictures" and that "[t]his would effectively mean that only an expert can speak to whether a raised surface poses an unreasonable risk of harm." We disagree. Resendiz presented evidence only of the existence of the mat and extension cord cover and her deposition testimony that she tripped over one or both of them. As discussed above, this is no

evidence that either the mat or cord cover was a condition on the premises that posed an unreasonable risk of harm. Neither the trial court nor this Court required the testimony of an expert to establish the existence of such a condition; rather, we evaluated Resendiz's evidence under the applicable summary judgment standard and concluded that she did not meet her burden of raising a fact issue on one of the essential elements of her claim that was challenged by Sellers. *See* TEX. R. CIV. P. 166a(i); *Tamez*, 206 S.W.3d at 582.

We overrule Resendiz's issues on appeal.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.